## VAN GILDER v. THE C. & N. W. R. Co.

1. **Railroads:** COMMON CARRIER: WAREHOUSEMAN. The plaintiff left his trunks with defendant's freight agent for storage over night, intending the next day to take them to the passenger depot and have them checked for transportation; in an action to recover damages for their loss before the owner returned to take them from the possession of the freight agent, it was *held:*

    1. That the defendant never assumed the responsibility of a common carrier and, therefore, was not chargeable with negligence in the transportation of the property.

    2. That, as a warehouseman, it was not liable under the facts given because, being a gratuitous bailee, nothing less than gross negligence would subject it to liability.

*Appeal from Boone Circuit Court.*

MONDAY, OCTOBER 23.

ACTION to recover the value of two trunks and their contents. The facts are stated in the opinion. Trial without a jury. Judgment for plaintiff. Defendant appeals.

*I. N. Kidder* and *E. S. Bailey,* for appellant.

*Webb & Dyer,* for appellee.

ADAMS, J.—The plaintiff averred in his petition that, " at Grand Junction, a station on defendant's line of railway, he delivered to the defendant two trunks with their contents, to be by defendant taken to Boone Station, on said line of railway; that the defendant, after taking said property into its charge for shipment as aforesaid, negligently and carelessly allowed the same to be shipped to some other point unknown to the plaintiff, and is now unable to find or account for the same."

The court made the following finding of facts:

" 1.   The plaintiff delivered his household furniture, with the trunks in question, at the defendant's freight depot in Grand Junction, intending to ship them to Boone.

"2. The furniture was shipped, but upon his inquiry and suggestion that he might probably check the trunks as baggage, upon application to the baggage master, he intending to take passage on the following day's train, and his wife having gone, they were left in the freight depot, by his request, with the consent of the freight agent, till the next day's train, intending to get them the next morning and take them to the passenger depot.

"3. The freight depot was twenty-four rods or more from the baggage room of the passenger depot, and was not the usual place of receiving and·delivering baggage, and the freight agent was not the baggage master nor ticket agent, all of which the plaintiff knew.

"4. The trunks could not be found on application by the plaintiff for them on the following morning, and the plaintiff has never received them.

"5. The freight room, except when under the personal care of the defendant's employes, was locked.

"6. On the night following the deposit of the trunks, and before the morning of the following day, a load of goods belonging to a third party was loaded in cars for transportation to Ohio. The loading was done by the owner, and the goods were billed in car, by the car load, and the plaintiff's trunks were put in the car and carried to Ohio, but the defendant's employes had no knowledge of it.

"7. The trunks contained books, and some other articles, but mostly articles of freight, and not baggage, and with contents were worth the amount·claimed."

The petition charges the defendant as common carrier; but, according to the facts as found by the court, the defendant did

1. RAILROADS: common carrier: warehouseman.

not receive the goods as common carrier. They were left at the freight depot for storage, and not transportation. They were not to be transported, if at all, until after plaintiff should retake possession of them, and make another delivery of them, and that, too, at a different place, to a different agent of the company, and with new orders. The defendant, therefore, never assumed the responsibility of a common carrier. ·The defendant's contract was

that of a warehouseman. Being called upon to respond to a charge of negligence in transportation, it could not be held for negligence in storage.

Indeed, if the plaintiff had declared upon a contract with the defendant as a warehouseman, the result, we think, should have been the same. The defendant was a gratuitous bailee. It was not expected that anything would be paid for the storage. The plaintiff at the time not having delivered the goods for shipment, the storage could not be considered a part of the transportation. The defendant, then, was liable only for gross negligence. The finding of facts not only does not show such negligence, but leaves the inference that the goods were stolen without the defendant's fault.

REVERSED.