M. B. COHEN, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 23, 1894.

Railroads: LIABILITY FOR BAGGAGE. If a passenger on a railway
train fails to call for his baggage within a reasonable time after its
arrival at the point of destination, the liability of the railway
company does not extend beyond that of a bailee for hire, if, indeed,
it is not limited to that of a gratuitous bailee.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Henry G. Herbel for appellant.*

(1) The court erred in overruling the demurrers to
the evidence interposed by defendant at the close of
plaintiff's case, and of the whole case. *Stanard Mill-
ing Co. v. White Line*, 26 S. W. Rep. 708; *Basnight v.
Railroad*, 16 S. E. Rep. 324; *Pike v. Railroad*, 40 Wis.
583; *Wald v. Railroad*, 18 S. W. Rep. 850; *Jones v. Rail-
road*, 50 Barb. 205; *Roth v. Railroad*, 34 N. Y. 548;
*Railroad v. Boyce*, 73 Ill. 515; *Goodbar v. Railroad*, 53
Mo. App. 437; *Guffey v. Railroad*, 53 Mo. App. 469.
(2) The court erred in giving illegal instructions on
behalf of plaintiff, and of its own motion. See author-
ities cited *supra*; also, *Stoher v. Railroad*, 91 Mo. 518;
*Diet v. Railroad*, 37 Mo. App. 459; *Atkinson v. Steam-
boat*, 28 Mo. 127; *Railroad v. Kelley*, 26 S. W. Rep.
470; *Harrison v. Railroad*, 88 Mo. 630; *Buddy v. Rail-
road*, 20 Mo. App. 209.

*Wm. C.* and *Jas. C. Jones* for respondent.

ROMBAUER, P. J.—The plaintiff was a passenger on the defendant's railroad from Delta to DeLassus station, and on taking passage delivered to the defendant a trunk containing his personal effects. The plaintiff and his trunk arrived safely on the same train at DeLassus at 3 o'clock P. M. The plaintiff, upon arrival of the train, at once took passage in a hack for Farmington, a place three miles distant, without either claiming his trunk or giving any directions to the defendant's agents touching its custody. The defendant's agent thereupon placed the trunk into the baggage room, which formed part of defendant's station building, and which, as all the evidence concedes, was the usual and customary place for the storage of all baggage arriving at that station. All the evidence likewise concedes that this room was constructed like such rooms usually are at ordinary country stations in this state. DeLassus, as is shown by the evidence, is a small settlement containing a few dwellings, shops and a hotel. The nearest inhabited dwelling to the station house was the hotel, the distance of one from the other being placed by various estimates at from ninety to one hundred and fifty feet.

The day succeeding plaintiff's arrival at DeLassus, he was notified at Farmington that his trunk had been stolen. He thereupon at once returned to DeLassus, where he was informed that the baggage room had been broken open during the night, and that his trunk had been abstracted and removed to some adjacent woods, where it was found rifled of the greatest part of its contents. The agents of defendant testified that some burglars had broken a pane in one of the windows in the baggage room, and had by the aid of the opening thus made unfastened the latch or fastening

of the window.   In this, as far as appearances went, they were corroborated by the plaintiff's own testimony.   The testimony was uncontradicted that the door and windows of the baggage room had been locked during the night.   No other theory of the theft was advanced by any evidence offered in the case, nor were any circumstances shown, throwning any suspicion upon the explanation thus furnished.

The plaintiff thereupon sued the defendant as a warehouseman for the loss of the contents of his trunk, alleging that the loss was due to the defendant's negligence.   Upon the trial of the cause, the foregoing being all the evidence offered by either party, the defendant asked the court to instruct the jury that the plaintiff could not recover.   This instruction the court refused, and it charged the jury in substance that, if they found from the evidence that the loss was due to the fact that the defendant's agents negligently stored the plaintiff's trunk in a building which was not reasonably safe for its storage, the plaintiff was entitled to recover.

The jury having found for plaintiff, the defendant appeals and assigns for error the refusal of the court to take the case from the jury as requested.

The transit of the trunk was ended as the plaintiff had failed to claim it within a reasonable time after its arrival.   The contract of storage, therefore, can not be supported by the consideration paid for the transportation.   There is no evidence in the case that the plaintiff intended to pay, or that the defendant had a right by custom or otherwise to exact, charges for the storage.   As the storage was one for the exclusive convenience of the plaintiff, the liability of the defendant under the facts shown was that of a gratuitous bailee. *Van Gilder v. Railroad*, 44 Iowa, 548; *Michigan Southern, etc., Railroad v. Shurtz*, 7 Mich. 515. As gra-

tuitous bailee the defendant was liable for gross negligence only.

We concede that the receipt of the trunk by the defendant, and the failure to return the same to the plaintiff upon demand, made a *prima facie* case for the plaintiff to the extent of requiring the defendant to explain how the loss occurred. We have so decided in *Thompson v. Railroad, ante,* p. 37. But, when the circumstances of the loss were shown by all the evidence in the case and when the truth of the explanation furnished was corroborated by the plaintiff's own observation, the plaintiff's case necessarily failed, unless it appeared in some manner that the defendant was negligent in bestowing ordinary care on the storage. There is nothing to show in this case that the defendant was guilty of the want of ordinary care in the storage of the goods, and hence the defendant's demurrer to the evidence should have been sustained.

It is proper to state, in this connection, that the cases are not quite agreed as to the nature of the bailment which the carrier undertakes under these circumstances. Most of them hold him to the use of common or ordinary care, and hence we have used the latter term in defining his duties. In *Mote v. Railroad,* 27 Iowa 22, and *Bartholomew v. Railroad,* 53 Ill. 227, both of which were cases of theft in the night time, the facts were deemed sufficient to warrant a submission of the cause to the jury. In one case the door of the store room was left unlocked over night, and, in the other, one of the window panes was fastened with tacks only, which could be easily removed.

We will remand the case for a new trial, with the observation that, if the facts upon a retrial should be substantially the same as upon the preceding trial, the court would not be justified in submitting the cause to

the jury.   Touching the instructions we may add that, should the case be submitted to the jury, the court should instruct them as to the meaning of ordinary care, and not leave it to their determination without any guide whether the place of storage was "reasonably safe." In the case at bar the plaintiff's and defendant's instructions are equally subject to the same objection, and the defendant would have had no just complaint against the instruction given for the plaintiff, had the facts warranted a submission of the cause to the jury.

Judgment reversed and cause remanded.   All the judges concur.