EDWARD McKENNA, Appellant, v. JOSEPH WALKER, Respondent.

St. Louis Court of Appeals, November 5, 1900.

1. **Negligence: JURY: INSTRUCTIONS: EVIDENCE.** A case should be submitted to the jury under proper instructions when the evidence tends to show that on the first day of February, 1899, plaintiff hired a room from defendant, who was a lodging house keeper, and paid the rent for one month in advance; that plaintiff put his trunk in the room, locked the door, and gave the key to defendant to be kept until called for upon plaintiff's return from a short trip which he was about to take; that within a month plaintiff returned, received the key from defendant, entered his room attended to his toilet, came out, locked the door, and again handed the key to defendant to be kept until plaintiff returned later in the day; that plaintiff returned in the afternoon, took the key, entered his room, and upon examination discovered that his trunk had been broken open and that the articles sued for had been stolen; that during plaintiff's absence on his trip defendant had hired out the room to a stranger and had given him possession of the room for one night; that defendant had no authority to deliver the key to anyone but plaintiff or to permit the room to be used by any other person.

2. ———: ———: ———: **INNKEEPER AND GUEST: GROSS NEGLIGENCE: BAILEE.** In the case at bar there was no relation of innkeeper and guest, and defendant was only a gratuitous bailee and could only be held liable for gross negligence.

McKenna v. Walker.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

REVERSED AND REMANDED.

*Daniel Dillon* and *John Dillon* for appellant.

The statement of plaintiff filed before the justice set out a good cause of action, and the circuit court so held when, at the opening of the trial, defendant objected to the introduction of any evidence for the reason that the statement alleged no facts constituting a cause of action. The evidence fully supported the allegations contained in the statement of the cause of action. The evidence for plaintiff made out a strong *prima facie* case, and the trial court, at the close of plaintiff's case, refused to instruct the jury to find for defendant, and the evidence introduced by defendant strengthened plaintiff's case by showing that the employees of defendant were in discharge of the duties assigned them when they unlocked plaintiff's room and lodged a stranger in it all night. The night clerk was in charge of the hotel at night and it was his duty and in the line of his employment to receive guests applying for rooms and to assign them their rooms; and by further showing that, except during this night when this stranger had it, the key of this room was always in the keeping of these employees, and that this room was not opened or anyone allowed to enter it except the night this stranger was put in it, thus showing almost conclusively that the missing goods must have been taken on that occasion. In other words, that the plaintiff lost his property as the result of the action of the employees of defendant in unlocking plaintiff's room in his absence and lodging a stranger in it all night, with the key left in the door. We respectfully

submit that the trial court erred in taking the case away from the jury and that the judgment should be reversed and the case remanded for a new trial.'

*Fauntleroy, Howe & Fauntleroy* for respondent.

(1)  Respondent is exclusively a lodging house keeper. There is a wide distinction between innkeepers, hotel keepers, boarding house keepers and lodging house keepers, there being practically no liability on the part of lodging house keepers, and when there is a liability, they are only held as bailees of the lodgers' baggage delivered into their actual possession by the lodger himself, and then their liability arises by reason of some negligent act resulting in loss to the lodger.  In order to make the distinction clear, we will ask the court to observe the following definitions:  (2)  Innkeepers.—An inn is a public house of entertainment for all who choose to visit it, and an innkeeper is defined to be a person who makes it his business to entertain travelers and passengers and provide lodgings necessary for them and their horses and attendants.  11 Am. and Eng. Ency. of Law, 7.  (3)  Guests.—A guest is one who has food or diet and lodgings in another's family for reward.  This is the old definition.  A more extended definition, is:  A guest is a traveler, a wayfarer or transient comer to an inn for lodgings and entertainment.  Every one who is thus received into an inn and entertained, for which entertainment the innkeeper receives a reward for his services, is a "guest."  2 'Am. and Eng. Ency. of Law, 437.  (4)  We think that it is well established that an innkeeper is one who furnishes meals, etc., and that a lodging house keeper has none of the liabilities attaching to the innkeeper.  An innkeeper is made liable in this state by statute for thefts committed upon the

guests by him or his servants. R. S. 1899, secs. 7578 and 7579. (5) We will refer the court also to Revised Statutes 1899, section 4237. This is the statute giving hotel, inn and boarding house keepers a lien upon the goods of the guest for board, etc. But before a lien can attach it must be one of these kind of houses and for board, lodging and necessaries. As for boarders, whether at an inn or a boarding house, also mere lodgers, the common law recognizes no right of lien upon their effects in favor of the keeper of the house. Schouler on Bailments (2 Ed.), sec. 329.

BOND, J.—The plaintiff sued before a justice for the value of certain goods alleged to have been abstracted from a room let to him by defendant on account of the negligence of defendant in putting other persons in the room while entrusted with the keeping of the key during the temporary absence of the plaintiff. Upon an appeal to the circuit court at the end of the trial the jury were directed to find for defendant. Plaintiff perfected an appeal from this ruling and complains thereof in this court.

1. The evidence tends to show that on the first of Feb. 1899, plaintiff hired a room from defendant, who was a lodging house keeper, and paid the rent for one month in advance; that plaintiff put his trunk in the room, locked the door, and gave the key to defendant to be kept until called for upon plaintiff's return from a short trip which he was about to take; that within a month plaintiff returned, received the key from defendant, entered his room, attended to his toilet, came out, locked the door and again handed the key to defendant to be kept until plaintiff returned later in the day from his place of business in the city; that plaintiff returned in the afternoon, took the key, entered his room, and upon an examination discovered that his trunk had been broken open, and that the articles sued for had been stolen.

There was evidence that during plaintiff's absence on his trip defendant had hired out the room to a stranger and had given him the key and put him in possession of it for one night. The evidence further tended to show that at all other times the key was in the possession of the defendant; that defendant had no authority from plaintiff to deliver it to any one but himself, or to permit the room to be used by any other person.

2.    Clearly there was no relation of innkeeper and guest in this transaction, and the law governing the respective rights and duties of such persons has no application whatever. But there was an unauthorized and negligent act of the defendant in opening plaintiff's room for the use of a third party, and thus depriving plaintiff's property stored in such room of the protection afforded to it by being guarded under lock and key. As there was evidence that the property was taken away after having been securely deposited in a locked room, whose key, as the symbol of possession, was deposited with defendant, who delivered it and the occupancy of the room for his own private profit, without any authority from the rightful tenant to a stranger, we can not say that there is no evidence tending to show gross negligence on the part of defendant as a basis from which an inference of the cause of the loss to plaintiff might have been drawn. As defendant was only a gratuitous bailee he could only be held liable for gross negligence. Mason v. Union Stock Yards Company, 60 Mo. App. loc. cit. 98, 99; Plow Co. v. Railroad, 61 Mo. App. 372; Wiser v. Chesley, 53 Mo. 547. Our conclusion is that there was some evidence in the record tending to show gross negligence on the part of defendant, and that the case should have been submitted to the jury under proper instructions defining the liability of defendant. The judgment of the trial court is accordingly reversed and the cause remanded. All concur.