CALEB B. WATTS *vs.* BOSTON & LOWELL RAILROAD COR
PORATION & another.

At the trial of an action in which the plaintiff sought to hold a railroad corporation liable
as common carriers for goods burned in their freight-house, which were part of a lot that
he was delivering for transportation, his evidence tended to show that they had "author-
ity and direction" from him to transport the goods as fast as delivered; and their
evidence tended to show that the goods burnt were kept in the freight-house for his con-
venience, to await the delivery of the whole lot before beginning the transportation, and
so they were only liable as warehousemen. *Held,* that the defendants had good ground
of exception to a ruling of the judge that they were liable as common carriers if they
had "either such authority or direction" to transport the goods as delivered.

CONTRACT against the Boston & Lowell and Nashua & Lowell
Railroad Corporations, as common carriers, to recover the value
of 900 corn-planters, delivered to them by the plaintiff at Am-
herst in New Hampshire for transportation to Boston, and de-
stroyed by fire in their freight depot at Amherst before the
transportation was begun. Trial in the superior court, before
*Reed,* J., who allowed the following bill of exceptions:

"The defendants contended, and there was evidence tending
to show, that the corn-planters were part of a lot of 1000, which
the plaintiff was in the act of delivering, and that they were de-
tained at the depot to await the arrival of the remainder of the
lot, for the plaintiff's convenience, and therefore that the defend-
ants were only subject to the liability of warehousemen and not
of common carriers. The plaintiff's evidence tended to show
authority and direction from the plaintiff to forward the corn-
planters as delivered. The judge instructed the jury (among
other instructions not objected to) that, if the defendants had
either such authority or direction to forward the corn-planters as
delivered, they were liable." The jury found for the plaintiff,
and the defendants alleged exceptions to this instruction.

*D. S. Richardson & G. F. Richardson,* for the defendants.

*A. E. Pillsbury,* for the plaintiff.

CHAPMAN, C. J. The freight depots of railroad corporations
are commonly used for a double purpose. One is, for keeping
goods that are brought there for the purpose of immediate trans-
portation, and also goods transported to them on the railroad for

immediate delivery to the consignee. The other is, for ware-houses for the storage of goods brought there for carriage at some future time, and also of goods brought to them on the railroad, but to be delivered to the consignee at some future time, after the duties of the company as carriers have ceased.

The question arising in this case relates to their liability in respect to goods received at the depot to be carried. In respect to such goods, their liability as carriers commences as soon as the the duty of immediate transportation arises, and not while they are delayed for the convenience of the owner. *Barron* v. *Eldredge*, 100 Mass. 455. In this case, the goods to be transported were 900 corn-planters. The defendants offered evidence tending to show that they were part of a lot of 1000, which the plaintiff was in the act of delivering; that they were detained at the depot to await the arrival of the remainder of the lot, for the plaintiff's convenience; that therefore the defendants were only subject to the liability of warehousemen; and that their duties as common carriers had not commenced, when the goods were consumed by fire. On the other hand, the plaintiff's evidence tended to show authority and direction from the plaintiff to forward the corn-planters as delivered. Upon proof of this, they would be liable as carriers. But the court ruled that if the defendants had either such authority or direction to forward them, as delivered, they would be liable as carriers; that is, they would be liable as carriers, if they had authority to convey them in this manner, though they were not directed to carry them thus and were under no obligation to do so. This was a stronger position against the defendants than the plaintiff had contended for.

There are various methods of transacting this species of business. Many articles are transported by car-loads, which are delivered at the depot on different days and in small quantities, and are kept there till one or more car-loads are collected. For example, barrels of flour may be sent in small parcels day by day. the understanding being that they will be kept in store until enough are collected to load one or more cars, because convenience and economy do not allow the company to transport smaller quantities as they arrive. At the same time, the owner may

give them authority to transport the barrels in as small parcels and as frequently as they please, while he also consents that they may keep them in store until he furnishes a sufficient quantity to enable them to do the transportation in the usual and economical way. It cannot be said, in such a case, that the duty of transportation arises upon the delivery of a single wagon-load. So in regard to these corn-planters, if the convenience of doing the business required the defendants to carry the whole lot together, instead of dividing the business into different jobs, to be done at different times, and this was known to the plaintiff, and he delivered the separate parcels at the depot to be stored till the whole lot should arrive, the goods would be stored in warehouse, although the plaintiff should have been willing that they should be carried in many small parcels, and should have given the defendants authority to carry them in that manner. It could not be said that the duty of carriage had commenced, until the whole had arrived. Yet the ruling of the court would make them liable merely because they had authority to carry them, though they were not instructed to do so and had not agreed to do so. It lays upon them the liability of carriers, while they have as yet assumed only the duties of warehousemen. The ruling should have been, that the defendants would be liable if they had authority and direction, and not if they had either authority or direction to forward the corn-planters as delivered.

A majority of the court are of opinion that the ruling was erroneous. *Exceptions sustained.*