### GEORGE B. NICHOLS & others *vs.* J. GREGORY SMITH & others.

Suffolk.    March 12. — June 26, 1874.    COLT & ENDICOTT, JJ., absent.

Evidence that wool was delivered at the station of a common carrier, in sacks marked with the name and address of the owners, whose place of business was in Boston, and with the initial of the agent who had purchased it; that the weights and numbers were upon all the sacks; that previous shipments had been made by the same agent at the same place to the same principals, during the same season; and that when said agent delivered this wool he piled it in one part of the building, pointed it out to the defendants' agent, and said, " That pile of wool is for Boston," is evidence of a delivery to the carrier for shipment to the principals at Boston.

In an action against the receivers of a railroad for the loss of goods by fire, while in the defendants' freight house, evidence that the freight house was filled with wool in sacks, and paper stock in a ragged condition scattered loosely upon the floor; that some kind of oil was stored there, a portion of which had leaked out upon the floor; that much of the glass was broken out of the windows at one end of the building; that the most inflammable materials were stored in that end; that a locomotive engine passed over the track, twenty-five or thirty feet from said windows, about fifteen minutes before the fire was discovered, and that the fire caught at that end of the building, is evidence to be submitted to the jury of a want of ordinary care on the part of the defendants as warehousemen.

CONTRACT against the receivers and managers of the Vermont Central Railroad, to recover damages for the loss of a quantity of wool destroyed by fire in a depot of a railroad, admitted to be under the control and management of the defendants as common carriers.

At the trial in the Superior Court before *Rockwell*, J., the defendants requested the court to instruct the jury that there was no evidence upon which a verdict for the plaintiff could be found which request was refused, and the case was submitted to the jury on general instructions as to the duty of common carriers

and warehousemen , which were not otherwise excepted to. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions to the above refusal to rule. The bill of exceptions stated the evidence in full. The nature of it appears in the opinion of the court.

*A. Russ*, for the defendants.

*W. Gaston & E. O. Shepard*, for the plaintiffs.

DEVENS, J. This is an action for damages on account of the loss of a quantity of wool destroyed by fire in a freight station of a railroad admitted to have been under the control and management of the defendants as common carriers. The plaintiffs sought to recover upon two counts in their declaration : in the first of which it was alleged that the defendants received the wool at Middlebury, Vermont, as common carriers, with directions to convey the same to Boston, and that while in their care as such carriers the same was destroyed by fire ; the second set forth that the defendants received the wool as warehousemen, and by reason of want of ordinary care upon their part the same was while in their custody destroyed by fire.

At the trial the cause was submitted to the jury upon general instructions as to the liabilities of common carriers and warehousemen, which were not objected. to ; and the only questions presented for our consideration are, whether there was any evidence of any direction to the defendants to ship the wool, under the count by which it was sought to charge them as common carriers, and whether there was any evidence of negligence under the count by which it was sought to charge the defendants with liability as warehousemen ; and upon both counts we are of opinion that there was evidence sufficient to entitle the plaintiffs to go to the jury.

The bill of exceptions shows that in order to prove that the defendants received the goods as common carriers, the plaintiffs offered evidence that the wool was delivered at the station of the defendants at Middlebury by their agent to the defendants' agent, packed in bags, all which were marked in stencil in large letters with the firm name of the plaintiffs and their place of business, " Nichols, Parker & Dupee, Boston," and that they were further marked with an initial indicating who had purchased the same for them ; that the weights and numbers

were upon all the sacks; that previous shipments had been made by the same agent at the same place to his principals during the same season; and that the agent who delivered the wool piled it in one part of the building, pointed it out to defendants' agent, and said, "That pile of wool is for Boston." It is true, as the defendants claim, that mere authority to ship to Boston is not sufficient, and there must be either by acts or words a direction so to do. *Watts* v. *Boston & Lowell Railroad*, 106 Mass. 466. Such was the instruction given, and this evidence was sufficient to require the case to be submitted to the jury upon this point.

Upon the second count, there was evidence that the freight-house was filled with wool in sacks; that paper stock in a ragged state was scattered loosely upon the floor; that some kind of oil or kerosene was stored there, a portion of which had leaked out upon the floor; that much of the glass was broken out of the windows; that a locomotive engine and train passed over the track, which was twenty-five or thirty feet from those windows, about fifteen minutes before the fire was discovered, and that the fire caught at the end nearest the broken windows, where the most inflammable materials were. We think this furnished evidence for the jury that the fire was caused by the sparks from the locomotive engine which had just passed; and further, that there was evidence for the jury of negligence on the part of the defendants in permitting the windows of the building to remain broken in the immediate vicinity of passing engines, while the contents of the building next the windows were of so inflammable a character.

*Exceptions overruled.*