LITTLE ROCK AND FORT SMITH RAILWAY COMPANY V. HUNTER.

1. RAILROADS: *Liability for goods deposited at depot.*
   A railroad company is liable as a common carrier only when goods are delivered to, and accepted by it for immediate transportation in the usual course of business. If they are to await further orders from the shipper before carriage, it incurs, at the utmost, the liability of a warehouseman.

2. WAREHOUSEMAN: *Liability of.*
   A warehouseman is not an insurer. He is bound only to ordinary and reasonable care of goods intrusted to him, and is not responsible for thefts not occasioned by his own negligence, nor for accidental fires.

3. RAILROADS. *Liability for goods at depot.*
   When goods are left with a railroad company's agent at their depot to be kept until the owner should be prepared to proceed on his journey, and to be returned on request if he should not go, then the company becomes a mere gratuitous bailee, provided the agent can bind it at all by the reception of goods under such circumstances.

Little Rock and Fort Smith Railway Company v. Hunter.

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*J. M. Moore* for appellant.

The agent was not authorized to receive goods for storage, but if he was, the railway is only liable as a warehouse-man, and it was incumbent on plaintiff to show negligence. (*Pierce on R. R. Law, 428, 448 ; Hutchison on Carriers, sec. 701-3; 60 N. Y., 138.*) The lost articles were not baggage. *Thomps. on Carriers of Pas., 510–11; notes 1 and 2.*

*L. L Wittich* for appellee.

Appellant received the goods as a common carrier; they were so delivered, accepted and stored in its warehouse or depot (*21 Ind., 54*), and being lost through negligence, the company is liable. *See 52 Mo., 390; 2 Mo. App., 369; 63 Mo., 314; 29 Ind., 360; 37 Ib., 448; 47 Ib., 471.*

### OPINION.

SMITH, J. The plaintiff in this action recovered judgment against the railroad company for the value of a box of household goods, alleged to have been left in its depot for safe keeping until the plaintiff should be ready to take the train. It was averred that the box was not re-delivered upon request, but was lost by the defendant's negligence. The action having originated before a justice of the peace, no formal answer was filed, but the defense seems to have been a general denial of the plaintiff's cause of action.

On the trial the plaintiff testified that on a certain day she came in from the country to Ozark, intending to take the defendant's train, on her way to Tennessee, provided she should receive a certain remittance of money she was expecting by mail; that she went to the depot and deposited her trunk and box on the platform; that about that

time the train came along, and the baggagemen were in the act of putting her effects aboard, when she interfered and told them that she was not going by that train, as she would not have time to go to the post office to see if her money had come; that she then spoke to the assistant agent at the depot, and inquired if her things could remain there until she was ready to go, and he assured her they would be perfectly safe. She then went to a boarding-house and never did go to Tennessee. Three days later she sent for and received her trunk, which appears to have been in the depot. About three weeks afterwards she inquired of the assistant agent whether any charges for storage on goods were made, and was informed the company never charged for storage.

The defendant's agents swore they had no knowledge of the box, and had never seen or heard of it until a short time before the commencement of the action; and that the company did not transact a warehouse business, but only received goods to ship as freight or baggage.

The following prayers of the defendant were refused:

1. "If the jury find from the evidence that the plaintiff deposited the box of goods with the agents of the company in the depot warerooms to remain there until such time as she should be ready to take the train, and become a passenger, with the view that it should be carried with her on the journey and to be returned to her in case she did not become a passenger without shipment to any point, then the company is not liable for the goods, either as baggage or freight, and can be liable only as special bailee."

2. "That unless it is proved that the defendant kept a warehouse for the general storage and forwarding of goods, and had corporate power and authority to do so, then the law is that the agents of the company could not bind

the company for the safe-keeping of goods which were not received either as freight or baggage."

3. " That the defendant is not liable for goods as special bailee without proof that the goods were lost through the negligence of the defendant. The fact that the goods were lost, without other evidence of negligence, is not sufficient to make the company liable as special bailee."

And the court gave the following directions of its own motion:

First. " The jury are instructed that the defendant corporation is a common carrier of goods, and is an insurer for the safe delivery of property intrusted to them for transportation."

Second. " The court instructs the jury that if they believe from the evidence that the box containing the goods sued for, was received into the exclusive possession of the agents of the defendant, who when they received said goods were acting in the usual course of their employment, and that the same were received for the purpose of being shipped, then they will find for the plaintiff the value of said goods."

The court below evidently misconstrued the nature of the action and the purport of the evidence. Its charge is based upon the assumption that the goods were delivered to the defendant for transportation. Yet this was not alleged in the complaint, nor is there a syllable of testimony in the record to support this view. A railroad company is responsible as a common carrier only when goods are delivered to and accepted by it for immediate transportation in the usual course of business. If they are to await further orders from the shipper before carriage, it incurs, at the utmost, the liability of a warehouseman. *O'Neil v. N. Y. Cent. & H. R. R. Co.*, 60 N. Y., 138.

1. RAILROADS: Liability for goods deposited at depot.

2. WARE-HOUSEMAN: Liability of. Of course a warehouseman is not an insurer. He is only bound to ordinary and reasonable care of the commodity intrusted to him, and is not liable even for thefts, unless they have been occasioned by his own negligence, nor for accidental fires. *Story on Bailments, 8th ed., pp. 444, 449.*

3. RAIL-ROADS: Liability for goods at depot. If, again, the goods were left with the company's agents, to be left until she should be prepared to proceed on her journey, and to be restored to the depositor upon request, then the company became a gratuitous bailee, provided its agents could bind it at all by the reception of the goods under such circumstances. The first prayer of the defendant should have been granted.

Reversed for a new trial.