BETTY GOODBAR, Respondent, v. THE WABASH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 3, 1893.

Carriers: WAREHOUSEMAN: PASSENGER'S BAGGAGE. A carrier is only liable as carrier for a passenger's baggage which is left with them for immediate transportation, and where such baggage is voluntarily deposited for safe keeping, as when it is brought to the depot for one train, and on learning that it could not go till a later train is left for such later train, the liability for loss is merely that of warehouseman.

*Appeal from the Daviess Circuit Court.*—Hon. C. H. S.
Goodman, Judge.

Reversed.

*F. W. Lehmann* and *Geo. S. Grover*, for appellant.

Upon the undisputed facts in this case the finding
should have been for the defendant. *Gregory v.
Railroad*, 46 Mo. App. 574; Hutchinson on Carriers,
secs. 63–88; 2 American & English Encyclopedia of
Law, p. 809, and cases cited; Schouler on Bailments
[1 Ed.] p. 373; [2 Ed.] sec. 678, p. 741, and cases
cited; *Wright v. Caldwell*, 3 Mich. 51; *Van Gilder v.
Railroad*, 44 Iowa, 548; *O'Neil v. Railroad*, 60 N. Y.
138; *Barron v. Eldridge*, 100 Mass. 455; *Watts v.
Railroad*, 106 Mass. 466; *Railroad v. Shurtz*, 7 Mich.
514; *Hunter v. Railroad*, 42 Ark. 200; *Railroad v.
Montgomery*, 39 Ill. 335.

*Hamilton & Peery*, for respondent.

A carrier is liable for personal baggage of a pas-
senger delivered to and received by it solely for trans-
portation, and not for storage, although for the
convenience of the carrier the passenger consents to
delay in transportation, and it is put in the baggage
room and destroyed by fire the day after the delivery.
*Shaw v. Railroad*, 41 N. W. Rep. 548; 40 Minn. 144,
and cases there cited; *Gregory v. Railroad*, 46 Mo.
App. 574; Schouler's Bailments & Carriers [2 Ed.]
sec. 677. A railway company was held liable as
carriers for passenger's trunk received for the next
train, which was to leave several hours later, though
according to custom no check was to be given until
fifteen minutes before the train left. *Hickox v. Rail-*

*road*, 81 Conn. 281; Schouler on Bailments & Carriers [2 Ed.] note 1, p. 741.

ELLISON, J.—The plaintiff's baggage, consisting of a trunk and contents, was destroyed by fire, which also consumed defendant's depot in which the trunk had been placed. She has sued defendant as a common carrier and recovered in the trial court.

There was but one witness in the cause, he being plaintiff's brother and testifying in her behalf. From his testimony it appears that he and his sister wanted to go over defendant's road from Gallatin to DeWitt, and that there were two trains on which they could take passage; one going at about eleven o'clock at night and the other at between six and seven o'clock in the morning; that knowing of these trains and their time of departure he took the trunk to the defendant's depot at about four o'clock in the afternoon prior to the night of the fire; that he asked the agent to check the trunk for the night train, stating however that he would not go on the night train, as he did not wish to expose himself to the night air, but would go on the morning train. The agent told him that if he was not going until morning it would be time enough to get his tickets and check the trunk then, and the trunk would go along with him. Witness made no objection. The agent then rolled the trunk into the baggage room, and in response to the witness' question whether it would be safe he replied, "perfectly safe." That night the defendant's depot was destroyed by fire and the trunk consumed therein, as above stated. Witness and his sister, the plaintiff, took the morning train and paid cash fare, the depot being destroyed no ticket could be purchased.

If defendant's custody of the trunk was as warehouseman and not as a carrier, the judgment must be

reversed, since the action is founded on its duty and liability as a carrier; and no evidence inculpates defendant as a warehouseman. We consider that the trunk was not held by defendant as a carrier. It was not left with defendant for immediate transportation. It was brought to defendant's depot under the impression that it could be carried on the first train, but upon learning that it must await the departure of the passenger and accompany such passenger, it was voluntarily deposited for safe keeping until that time. This is not sufficient to make out a liability against a carrier.

In *O'Neil v. Railroad*, 60 N. Y. 138, it was held that, '' Where goods are delivered to a common carrier to await further orders from the shipper before shipment, the former, while they are so in his custody, is only liable as a warehouseman. He is only responsible as carrier where goods are delivered to and accepted by him in the usual course of business for immediate transportation.'' In *Barron v. Eldridge*, 100 Mass. 455, it was said: '' The liability of a railroad company as a common carrier for goods delivered to them attaches only when the duty of immediate transportation arises. So long as the shipment is delayed for further orders as to the destination of the goods, or for convenience of the owners, the liability of the company is that of a warehouseman.'' In *Watts v. Railroad*, 106 Mass. 466, it was said: ''The question arising in this case relates to their liability in respect to goods received at the depot to be carried. In respect to such goods, their liability as carriers commences as soon as the duty of immediate transportation arises, and not while they are delayed for the convenience of the owner.'' In *Hunter v. Railroad*, 42 Ark. 200, the goods were left with the agent of defendant at their depot, to be kept until the owner was prepared to proceed on his journey, and were there lost. It was held that defendant was a mere gratuitous

bailee, and that the plaintiff could not recover for such loss. In *Gregory v. Railroad*, 46 Mo. App. 574, we quoted with approval the substance of what is stated by the foregoing cases, and held in that case that the evidence should have been submitted to the jury, to determine whether shipment as early as could be made in the course of the carrier's business was intended by the delivery and acceptance of the goods. It will be noticed by reference to the foregoing authorities that the text writers on this subject fully sustain the proposition herein advanced. We must hold that plaintiff has failed to make out a case and we reverse the judgment. All concur.