KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* THOMAS.

Opinion delivered January 16, 1911.

1. CARRIERS—LIABILITY FOR DAMAGE BY FIRE.—Acts 1907, p, 336, making railroad companies liable for damages caused by fire, etc., intended to make railroad companies liable for fires communicated by its locomo-

tives and other instrumentalities used in the movement of its' trains, and did not contemplate that they should be liable for damage caused by the burning of buildings used in connection with the operation of their trains.  (Page 289.)

2.  SAME—LIABILITY AS WAREHOUSEMEN.—Where a passenger placed his trunk in a railway station, intending to take a train on the next morning, and the trunk was burned during the night, the railway company's liability is not that of an insurer, but of a warehouseman, to take ordinary care of the commodity intrusted to it. (Page 290.)

.   Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*Read & McDonough,* for appellant.

The act of 1907, read to the jury by the court, has no application to this case.  There is no testimony upon which to base such an instruction.  No testimony to show how the fire originated, nor that any agent or representative of appellant was guilty of any negligence in failing to put it out.  Since the act changes the rule of the common law and is highly penal in its nature, it must be strictly construed.  59 Ark. 356; 71 Ark. 561.

HART, J.  This is an appeal by the Kansas City Southern Railway Company from a judgment rendered against it in favor of T. A. Thomas for the sum of $75 for damages alleged to have been sustained by reason of the destruction of his property by fire by the railway company.  The defendant railway company has duly prosecuted an appeal to this court.

The plaintiff's home was in the State of Texas, a few miles west of the station of Ravana, in the State of Arkansas.  He purchased a ticket over the St. Louis & San Francisco Railroad Company from a station in the State of Oklahoma to Ashdown, in the State of Arkansas.  His trunks were shipped as baggage, and when he arrived at Ashdown he had his trunks transferred to the station of defendant on the afternoon of his arrival.  He applied to the agent for the purchase of a ticket from Ashdown to Ravana, and says that the agent told him that he could not sell him a ticket until the next morning, a short time before his train was due.  He then says that he asked the agent to check his trunks, and that the agent told him he could not do so until the next morning.  The trunks were, however, by permission of the agent placed in the wareroom of the railway

company at the station. That night, about 1 o'clock, the station was burned, and the trunks of the plaintiff were destroyed by the fire. No testimony was introduced as to the origin of the fire, except one witness testified that it seemed to have commenced around the flue in the colored waiting room. The fire spread rapidly, and the people that assembled were unable to extinguish it.

The cause was tried on the theory that the defendant was liable under the act of April 2, 1907 (Acts of 1907, p. 336), making railroad companies liable for damages caused by fire. The act is as follows:

"Hereafter all corporations, companies or persons, engaged in operating any railroad wholly or partly in this State shall be liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car or other thing used upon said railroad, or in the operation thereof, or which may result from, or be caused by, an employee, agent or servant of such corporation, company or person upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court in the county where the damage occurred having jurisdiction of the amount of such damage. It shall not be lawful for the defendant in such suit or action to plead or prove, as a defense thereto, that the fire which caused such injury was not the result of negligence or carelessness upon the part of such defendant, its employees, agents or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of such defendant, and if the plaintiff recover in such suit or action he shall also recover a reasonable attorney's fee to be ascertained by the evidence in the case by the court or jury trying the same. Provided, that the penalty prescribed by section one of this act shall apply only when such employee, agent or servant is in the discharge of his duty as such."

It is a well-known canon of statutory construction that the intention of the Legislature must be inferred from the plain

meaning of the words used; and if the intention can be so arrived at, the court cannot go further and apply other means of interpretation. When tested by this rule, it is evident that the Legislature had in mind in passing the statute above quoted to make railroad companies liable for fires communicated by its locomotives and other instrumentalities used in the movement of its trains, and did not have in contemplation fires caused by the burning of its buildings used in connection with the operation of its trains. There is no testimony tending to show that the fire was caused by or resulted from the operation of any train of the railroad company. Consequently, the defendant was not liable under the statute quoted.

Under the testimony of the plaintiff, the trunks were placed in the warehouse of the defendant at its station by permission of its agent. This raises the question of the liability of the defendant as warehouseman. In the case of *Little Rock & Fort Smith Railway Company* v. *Hunter,* 42 Ark. 200, the court said: "Of course, a warehouseman is not an insurer. He is only bound to ordinary and reasonable care of the commodity entrusted to him, and is not liable even for thefts, unless they have been occasioned by his own negligence, nor for accidental fires." See also *Kansas City, Fort Scott & Memphis Railway Company* v. *McGahey,* 63 Ark. 344.

There was no evidence to show that the fire was otherwise than of purely accidental origin. It follows that there is no evidence to support the verdict.

The judgment will be reversed, and, as the testimony shows that the case was fully developed, the cause will be dismissed.