GEORGE A. FELTON, Respondent, v. CHICAGO, GREAT WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 17, 1900.

Passenger Carriers: LOSS OF BAGGAGE: REASONABLE TIME: WAREHOUSEMEN. A passenger alighted from a night train at a station without a night agent and proceeded to the baggage car to receive his trunk. It was not on the train. He could get no definite information when he might expect his trunk would arrive. He went to the country. The trunk arrived on the next afternoon and was burglarized that night in the station. The passenger called for it the following day. Held, the passenger was not guilty of contributory negligence and applied for his baggage within a reasonable time, and the carrier's liability was not reduced to that of a warehouseman.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Kelso, Schooler & Kelso* for appellants.

(1) The obligation of both parties are reciprocal; the

same law that requires the carrier to deliver baggage safely at its destination, requires the passenger to call for it upon its arrival and remove it, and relieve the carrier of the strict and rigorous liability of the carrier, and if the passenger refuses or neglects to do so, the carrier may deposit the baggage in a reasonably safe place and its responsibility as carrier ceases and it is only liable as a warehouseman. Hutchison on Carriers, secs. 708, 709, 710; Redfield on Railways, sec. 171; Hoeger v. Railroad, 63 Wis. 100; Curtis v. Railroad, 49 Barb. 148; Klein v. Packet Co., 3 Daly (N. Y.), 390; Jacobs v. Tutt, 33 Fed. Rep. 412; Weigand v. Railroad, 75 Fed. Rep. 370; Vineburg v. Railroad, 13 Ont. App. 93; Railroad v. Mahan, 8 Bush. 184; Cohen v. Railroad, 59 Mo. App. 66; Gashweiler v. Railroad, 83 Mo. 112.

*Sanders & Lingenfelter* for respondent.

(1) Hutchison on Carriers, sec. 714. "If the default of the carriers has caused or contributed to the delay in the delivery of the passenger's baggage, he can not claim the benefit of the rule which diminishes the liability of the carrier to that of warehouseman, or ordinary bailee by reason of the negligence or delay of the passenger in accepting his baggage." This clearly applies to the case in controversy and plaintiff contends that but for the delay of the defendant in delivering his baggage the loss would not have occurred, and that the defendant contributed to the delay and, consequently, can not diminish its liability by the delay of the plaintiff in calling for baggage. Hutchison on Carriers, secs. 714, 715. All of the authorities cited in defendant's brief are widely different from the question at issue. Railroad v. Addizoat, 17 Ill. App. 632.

SMITH, P. J.—This is an action that was brought by the plaintiff against the defendant before a justice of the peace to recover damages for the loss of certain baggage. The material facts of the case are undisputed and may be stated in this wise:

The plaintiff purchased a ticket of defendant's agent which entitled him to passage over certain railway lines, including that of the defendant, from Athens, in the state of Ohio, to Sheridan, in this state. When the plaintiff arrived at Kansas City he entered a car on one of the defendant's trains and showed his ticket to the conductor who informed him that he was on the proper train. This train reached Sheridan at about 11 o'clock that night, which was the fourteenth day of June, when and where plaintiff left it and went forward to the platform of the station to receive his baggage, which consisted of a telescope trunk, but he did not find it there; nor was he able to find any agent of the defendant in charge of the station. The station building was closed and so plaintiff went away without his baggage. The plaintiff's baggage was not on the train for it appears that one of defendant's trains arriving from the south on the next day (the 15th) brought it to the station, and turned it over to its agent there who placed it in the baggage room of the station, where, on the night following, it was broken open and certain articles were taken therefrom and carried away and so were lost to plaintiff.

The plaintiff did not call for his baggage on the next day after his arrival. At some time during that day he went to the house of a relation two or three miles from the station and there remained until the next day (the 16th) when he called upon the station agent to get his baggage, and for the first time learned of its arrival and that the station had been burglarized and his baggage broken open and part of the contents taken away. And the question now is, whether the defendant is liable for the loss so sustained by the plaintiff.

The carrier by railway should have the baggage of the passenger on the platform at the usual place of delivery on the arrival of the train until the owner with due diligence is ready to receive it, and until such reasonable time expires the liability of the carrier continues. Just what is a reasonable time for the delivery by the carrier and receipt by the passenger after arrival must depend upon the circumstances in each particular case, and where the facts are undisputed it is a question for the court. A railway is liable only as a warehouseman for baggage left in its charge by the owner after ample opportunity to remove it. The passenger should claim and take possession of his baggage within the time which the carrier could be reasonably expected to hold it for him in the place and manner already indicated. Ray's Negl. of Imposed Duties, section 157; Fetter on Carriers of Passengers, section 614; Redfield Law Ry., section 171.

The transportation of the passenger being the main purpose and the carrying of the baggage a mere incident, its delivery must be controlled by the contract under which the passenger accepts transportation. If the contract with the passenger requires his transportation over connecting lines the same responsibility will attach as to his baggage.

It was the duty of the defendant to place the plaintiff's baggage on the platform of the station on the arrival of the train on which the latter took passage from Kansas City. It appears, as has been stated, that Sheridan was, as to certain of its trains, of which that on which plaintiff took passage was one, but a flag station, and that it did not deliver the baggage of its passengers at that station on its platform, but that under a rule or practice passengers could have their baggage delivered by applying to the conductor and delivering to him their check; but plaintiff had no notice of this rule or practice. In the absence of such notice he had the right to presume

that defendant would perform its duty and place his baggage on the station platform. But if the plaintiff had had notice of the rule or practice just referred to, the defendant could not in compliance with its requirements have delivered the baggage on the arrival of the train because it was not on that train. It was clearly the defendant's fault that the plaintiff did not receive his baggage on the arrival of the train.

The defendant was informed sometime after his arrival at the station that there would be another train arriving over defendant's railway from the south on the next evening; but it does not appear that he was informed that his baggage would arrive on that train. Indeed, it seems from the evidence that the habit of the defendant in carrying the baggage for the station was not uniform for, as testified by the station agent, it would sometimes carry it by, returning it the next day from the north. The agent could not therefore have informed the plaintiff whether his baggage had been carried by or would arrive on some other train from the south. Under these circumstances, was it the duty of the plaintiff to remain at the station to await the pleasure of the defendant in respect to the delivery of his baggage? It is clear that under the variable practice of defendant as to the delivery of baggage carried on such of its trains as only stopped at the station when flagged, that it was not certain on what train the plaintiff's baggage would arrive. This practice was in flagrant disregard of its common-law duties as a passenger carrier.

When a passenger has contracted with a carrier for the transportation of himself and baggage over its line from one designated station to another, and nothing is said as to when it will deliver his baggage, must he, after the arrival of the train and the failure of his baggage to arrive with him at the station of destination, await there for the arrival of the train, however uncertain, that shall place it on the platform, and be

there ready to receive it; and in the event he is not then there and does not receive it, does the responsibility of the carrier as such then cease and that of warehouseman begin? If the defendant had placed the plaintiff's baggage on the platform at the time of the arrival of the train on which the latter took passage, as it was its duty to have done, it would have been then received, so that it is clear but for the negligence of the defendant there would have been no loss. The plaintiff performed his duty by going to the platform to receive his baggage. He did all that was required of him by the law governing his relation to the defendant. In view of the circumstances to which we have alluded we can not think the defendant reduced its liability to plaintiff from that of carrier to that of warehouseman. We think it should be regarded as still sustaining the relation of carrier to the plaintiff at the time its station was burglarized and the plaintiff's baggage was taken and carried away. Nor do we think that the plaintiff's application for his baggage was made after the expiration of a reasonable time for the delivery thereof, regard being had to all the surrounding facts and circumstances disclosed by the evidence. Nor do we think that the plaintiff can be held guilty of such contributory negligence as to preclude his recovery. His delay in applying for his baggage until after it was injured was entirely excusable and no negligence ought to be imputed to him on account of it. The judgment was for the right party and on the undisputed facts could not have been otherwise. In this view of the case we need not look at the instructions.

It may be proper here to state that we have examined the authorities cited by the industrious counsel for defendant, but find none of them applicable to a case where the facts are as here. If the defendant had placed the plaintiff's baggage on the platform at the time of the arrival of the train

and he had not been there by himself or by some one acting for him to receive it, we could see the applicability of the cases cited by defendant. We think the evidence sufficient to justify the conclusion that the plaintiff's baggage had not been in any way interfered with until after it was received by the defendant's agent at the burglarized station.

No reason is seen for disturbing the judgment, which will accordingly be affirmed. All concur.