## Martha Schnitzmeyer, Appellee, v. Illinois Central Railroad Company, Appellant.

COMMON CARRIERS—*when obligations those of warehousemen.* As to the baggage of a passengêr the liability of a carrier ceases and that of a warehouseman begins after the lapse of a reasonable time following the transfer of the baggage from the train to the station.

Action in case. Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the August term, 1908. Reversed with finding of facts. Opinion filed March 4, 1909.

R. J. GODDARD and KAGY & VANDERVORT, for appellant; W. T. ABBOTT, of counsel.

FRANK F. NOLEMAN, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This action was brought by appellee against the appellant to recover for the loss of wearing apparel and jewelry stolen from her trunk while it was in the station house of appellant at Hoyleton. The declaration is in one count, to which the defendant pleaded the general issue. The case was tried by a jury, which returned a verdict in favor of the plaintiff for $106.75. From a judgment on the verdict, the defendant appealed.

At the close of the evidence the defendant requested the court to instruct the jury to find the defendant not guilty, which was refused. In this we think the court erred, for we are of opinion from the undisputed evidence, that appellee has no cause of action against the appellant.

It appears that in the evening of November 19, 1906, appellee bought a ticket and checked her trunk from Centralia to Hoyleton, distant ten miles, over appellant's railroad. She arrived at Hoyleton between five and six o'clock in the evening, where she was met by friends, and went to the country to stay over night,

expecting to go on to St. Louis the following day. The trunk was put off on the platform, and after the train left, taken by the agent into the station, which, later, was closed, locked, and left for the night. During the night burglars broke into the station, broke open the trunk, stole and carried away a portion of the contents for which this suit is brought.

That it is the duty of a carrier of passengers, and was the duty of the appellant in this case, to safely carry the baggage of the passengers to its destination, and there deliver it, when called for, within a reasonable time after its arrival, is a proposition of law not in dispute. But it is also the law, that the carrier may not be held to this strict liability, as an insurer, after the baggage has reached the delivery station, beyond a reasonable time for the owner or passenger to apply for and receive it. "The reasonable time, within which the owner must apply for his baggage, when it is transported by the same train on which he himself travels is directly after its arrival and transfer to the platform, making due allowance for the confusion occasioned by the arrival and departure of the train, and for the delay necessarily caused by the crowd upon the platform." Chicago and Alton R. R. Co. v. Addizoat, 17 Ill. App. 632, and cases there cited. Within the foregoing rule, which we think applicable to the facts in this case, it cannot be claimed that appellant was liable as a carrier for the loss of appellee's goods. She left her trunk on the platform at a small day station, without any intention to call for it until the next day, and did not even claim it or make known her intention to leave it at the station. The appellant, as was its duty under the circumstances, put the unclaimed baggage in the baggage room, the proper place for it, fastened and locked the doors and windows and thereafter appellant's liability, if any, was that of warehouseman only. In that capacity the appellant was bound to use no more than ordinary care to prevent the baggage from being stolen, lost or damaged, and inasmuch as it ap-

pears from the undisputed evidence that the doors were locked and the windows fastened in such manner as to be reasonably secure, considering the location, surroundings and exposure, the appellant cannot be held to liability as warehouseman.

The judgment will be reversed with the finding that the appellant was not guilty of the negligence charged in the declaration.

*Reversed with finding of facts.*