Saffa v. Ill. Cent. R. R. Co.

JOHN T. SAFFA, Appellant, v. ILLINOIS CENTRAL
    RAILROAD COMPANY, a Corporation, Respond-
    ent.*

**St. Louis Court of Appeals.    Opinion Filed January 5, 1926.**

1. **CARRIERS: Carriers of Passengers: Baggage: Warehouseman: Lia-
bility.** The liability of a carrier as such for the baggage of a
passenger continues upon its arrival at its destination until the
passenger has been afforded a reasonable time and opportunity in
the exercise of due diligence to remove it, and after such reason-
able time and opportunity has been afforded, the liability of the
carrier becomes reduced to that of a warehouseman.

2. ———: ———: ———: ———: **Removal of Baggage by Passenger:
Reasonable Time.** What constitutes a reasonable time and oppor-
tunity for a passenger to remove his baggage depends upon the
peculiar facts and circumstances of each particular case.

3. ———: ———: ———: ———: **Reasonable Time to Remove Bag-
gage: When Jury Question: When Question of Law.** If the facts
are in dispute, the question as to whether a passenger was afforded
a reasonable time and opportunity in the exercise of due diligence
to remove his baggage after its arrival at its destination is for
the jury, but if the facts are not in dispute, it is a question of law
for the court.

4. ———: ———: ———: ———: **Failure to Remove Baggage Within
Reasonable Time: Destroyed by Fire: Carrier's Liability That of
Warehouseman.** In an action against a carrier to recover the value
of baggage destroyed by fire whilst in defendant's depot, *held* under
the undisputed facts the plaintiff had been afforded a reasonable
time and opportunity to remove his baggage and that the defend-
ant's liability as a carrier had been reduced to that of a warehouse-
man before the baggage was destroyed by fire.

5. ———: ———: ———: ———: **Delivery and Acceptance of Bag-
gage: Reasonable and Unreasonable Time: Liability.** The liability
of a carrier attaches when the baggage is delivered at the station
and accepted by the carrier for transportation within a reasonable
time before the departure of the train upon which the passenger in-
tends to take passage, but where the baggage is received by the
carrier for the accommodation or convenience of the intending pas-
senger at an unreasonable period of time before passage is to be

taken, liability as a carrier does not attach, and the baggage is held by the carrier as a warehouseman only.

6. ——: ——: ——: ——: Baggage in Storage With Carrier: Application to Purchase Ticket and Check Baggage Several Hours Before Departure of Train: Carrier Under No Duty to Assume Liability as Carrier. Where the plaintiff applied about fourteen hours before the departure of the train upon which he intended to take passage to purchase a ticket and check his baggage which was already in storage with the carrier as a warehouseman, no duty devolved upon the carrier, at the time the plaintiff applied to it to purchase a ticket and check his baggage, to accept the baggage for transportation and assume liability as a carrier in relation thereto.

7. ——: ——: ——: ——: Evidence: Baggage in Storage With Carrier: Carrier Warehouseman by Assent of Parties. Where the plaintiff applied to purchase a ticket and check his baggage then in storage with the carrier as a warehouseman, but was informed by the station agent that his train would not depart until the following morning and that he would then have plenty of time to obtain his ticket and check his baggage before the departure of the train, to which plaintiff made no objection, retaining in his possession the baggage check previously given and which entitled him, upon presentation thereof, to receive his baggage at that station, *held* the transaction evidences the assent of the parties that the baggage should remain in storage with the defendant as warehouseman.

*Headnotes 1. Carriers, 10 C. J., Sections 1588, 1589; 2. Carriers, 10 C. J., Section 1590; 3. Carriers, 10 C. J., Section 1608; 4. Carriers, 10 C. J., Section 1607; 5. Carriers, 10 C. J., Section 1587; 6. Carriers, 10 C. J., Section 1587; 7. Carriers, 10 C. J., Section 1607.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm*, Judge.

AFFIRMED AND REMANDED.

*Harry A. Frank* for appellant.

(1) Although the relation of passenger and carrier ceased on the completion of the passenger's journey, the carrier remains responsible as such for the baggage of

the passenger until the latter has had a reasonable time to remove it. What constitutes a reasonable time for the passenger to remove his baggage after its arrival at destination, if there are no unusual circumstances and the facts are undisputed, is a question of law which the court must determine, but where the evidence is such that reasonable minds might come to different conclusions therefrom, then the question is one of fact and should be submitted to the jury. 10 Corpus Juris, p. 1237-1238, sec. 1608, and notes; 10 Corpus Juris, p. 1219, sec. 1590, and notes; Felton v. Chicago G. W. R. R. Co., 86 Mo. App. 332; Burnes v. Chicago, R. I. & P. R. R. Co., 144 Mo. App. 71; 128 S. W. 236; Prickett v. New Orleans Anchor Line, 13 Mo. App. 436; Church v. New York C. & H. R. R. Co., 116 N. Y. Supp. 560; Larned v. New Jersey Central R. R. Co., 81 New Jersey Law, 571; McCoy v. Atlantic Coast Line R. Co., 84 S. C. 62; Ziegler v. M. & O. R. R. Co., 87 Miss. 368. (2) The evidence that a passenger was delayed through missing his train and, on his arrival, finds unexpected and unusual circumstances in that the person whom he desires to see is dead and his funeral is being held that very day, together with his attendance at the funeral and thereafter calling at the station, and his offer to the carrier's agent to purchase transportation to another city and his request to check his trunk, considering that no demand for storage or to remove the trunk was made by the agent, is such that reasonable minds might come to different conclusions as to whether a person of ordinary diligence, care and prudence under similar circumstances has had a reasonable time to receive and remove his baggage. This question was properly submitted to the jury and the jury's verdict on this question of fact is final and the court erred in setting it aside. (3) Where a trunk is left with the carrier and deposited in its baggage room and the owner offers to purchase a ticket and to pay his fare to another city and requests that the baggage be checked for immediate transportation by the next train to such other city, the liability of the carrier attaches at once upon the express

or implied understanding that the owner is to become a passenger to the same extent as if the baggage were in transit, although, for convenience, the owner consents to delay in purchase of his ticket and at the time of the loss, the owner had neither purchased the ticket nor paid his fare. Gregory v. Wabash R. R. Co., 46 Mo. App. 575; 10 Corpus Juris, p. 12215, sec. 1585 and notes; 1 Hutchison on Carriers (3 Ed.), secs. 113, 116; Mason v. Storage Co., 25 Mo. App. 479; Shaw v. Northern Pacific R. R. Co., 40 Minn. 144; Illinois Central R. R. Co., v. Trostine, 64 Miss. 834; Goodbar v. Wabash R. R. Co., 53 Mo. App. 434; Lakeshore, etc., R. R. Co. v. Foster, 104 Ind. 293; Morris & Grain Co. v. Mo. Pac., 182 Mo. App. 339, 170 S. W. 406; Green v. Milwaukee R. R. Co., 38 Iowa, 100; see same case on second appeal in 41 Iowa, 410. (4) The railroad company having received the trunk as baggage and having deposited it in its baggage room, even though it was liable only as a warehouseman, when the owner of the baggage offers to purchase a ticket and to pay his fare to another city and requests that his baggage be checked for immediate transportation or as soon as the facilities of the railroad company will permit, and the agent requests a delay in the purchase of the ticket and the checking of the trunk and makes no demand for charges on the baggage, the owner has done all he possibly could do to make himself a passenger and the liability of a common carrier attaches at once upon the implied understanding that the owner is to become a passenger, and if any loss occurs to said baggage after that time until it is delivered at its destination, the railroad company is liable to the same extent as if the baggage were actually in transit. (5) Whether a railroad company in receiving trunks at the station the evening before the owner is to take them over the road, does so as a carrier or warehouseman, is a question of fact for determination by the jury and the court having submitted this case to the jury, whether on this theory or not, and the jury having returned a verdict for the plaintiff, said verdict will be sustained if there is substantial evidence

to sustain the finding upon any theory available to the prevailing party.

*Watts & Gentry* and *Arnot L. Sheppard* for respondent.

(1)   The relation of passenger and carrier exists during the journey and only so long thereafter as is reasonably necessary for the passenger to leave the premises of the carrier; and as it affects the question of baggage, the relation exists during the carriage and for a reasonable time after arrival at the destination during which time the passenger must call for his baggage.   (a) In this case the facts are not disputed, therefore, the question of what constitutes a reasonable time within which a passenger may call for his baggage, is one for the Court and not the jury.   D. & R. G. R. R. Co. v. Doyle, 58 Colo. 327, 145 Pac. 688, L. R. A. 1915-D, 113, and cases cited; Ross v. Railway Co., 4 Mo. App. 582; Rossier v. Wabash, 115 Mo. App. 515; Levi v. Railway Co., 157 Mo. App. 536, 138 S. W. 699; Felton v. Railway Co., 86 Mo. App. 332.   (b)   Appellant's trunk arrived at Covington at 6:40 p. m., December 5.   He made no demand for the trunk before it was destroyed by fire on December 6, about midnight.   As a matter of law his delay in calling for said trunk was unreasonable, resulting in respondent's liability, if any, changing from that of carrier to warehouseman.   Cohen v. Railway, 59 Mo. App. 66; Levi v. Railway Co., 157 Mo. App. 536, 138 S. W. 699; Ross v. Railway Co., 4 Mo. App. 582; Rossier v. Wabash, 115 Mo. App. 515; Standard Milling Co. v. Transit Co., 122 Mo. 258; Blackmore v. Railway Co., 162 Mo. 455, 62 S. W. 993; St. Louis, etc., Ry. Co. v. Terrell, 72 S. W. 430; Hoeger v. Railway, 63 Wis. 100; Vineberg v. Grand Trunk Ry. Co., 13 Ont. App. Rep. 93; Wiegand v. Central Ry. Co., 75 Fed. 370; Wald v. Louisville, etc., Ry., 92 Ky. 645, 18 S. W. 850; Gausmann v. Railroad, 119 N. Y. S. 1125; K. C., etc., Ry. Co. v. Thomas, 97 Ark. 287, 133 S. W. 1030; Graves v. Railroad, 29 App. Div. 591, 51 N.

Y. S. 636; White v. Railway, 186 N. W. 145; Doherty v. Railroad Co., 194 Ill. App. 354. (2) The mere fact that appellant failed to arrive upon the train which carried his baggage from Fulton, Kentucky, to Covington, Tennessee, did not excuse his failing to call for the baggage as soon as possible after its arrival at Covington. It was no fault of respondent's that appellant failed to arrive on the train which carried his baggage and for that reason respondent cannot be held responsible for the consequences resulting from appellant's missing the train. The same may be said of appellant's failure to call for the baggage on the day subsequent to its arrival for the reason that he was attending the funeral of one of his customers. For these happenings respondent was in no wise responsible, and it cannot, therefore, be chargeable with any consequence resulting therefrom. D. & R. G. R. R. Co. v. Doyle, 58 Colo. 327, 145 Pac. 688, L. R. A. 1915-D 113; Laffey v. Grummond, 74 Mich. 186, 3 L. R. A. 287, 16 Am. St. Rep. 624, 41 N. W. 894. (3) Under the facts disclosed in this record the relation of passenger and carrier ceased long before appellant made demand upon respondent for his baggage. Such relation was not resumed by reason of what took place at respondent's station on the evening of December 6, at which time appellant stated to respondent's agent that he desired to buy a ticket and check his trunk to Memphis; and was informed that no train would be available to him until the next morning at which time he would have plenty of time to check his trunk. Thereupon appellant left respondent's station without buying a ticket or checking his trunk. Under these facts respondent's relation to appellant remained that of a warehouseman. As such, respondent was liable only for negligence which was neither pleaded nor proved. Goodbar v. Railway Co., 53 Mo. App. 434; Gregory v. Railroad, 46 Mo. App. 574; Reis v. Railway Co., 179 N. W. 83; 6 Cyc., 670; Murray v. International Steamship Co., 170 Mass. 166; K. G. S. Ry. Co. v. Thomas, 91 Ark. 287, 133 S. W. 1030. (4) The term "baggage" includes such articles of necessity or

personal convenience as are usually carried by passengers for their personal use, and does not include merchandise or samples, absent a statute making them "baggage." Doerner v. Railroad Co., 149 Mo. App. 170, 130 S. W. 62, 64; Whitmore v. The Caroline, 20 Mo. 513; Hubbard v. Railroad, 112 Mo. App. 459, 87 S. W. 52; Boack, Dyer & Brecht Millinery Co. v. Railroad, 177 Mo. App. 282, 164 S. W. 175. (a) Appellant's baggage was destroyed in the State of Tennessee. Therefore, the Missouri statutes making samples carried in trunks "baggage," is not applicable to this case. Under the common law, samples did not constitute baggage, and the carrier was not liable as an insurer for their loss. (See authorities last cited.) Tennessee was under the dominion of Great Britain subsequent to the French and Indian War and as such was subject to the common law of England. The law of Tennessee was not pleaded by appellant in the case at bar, and therefore the presumption is indulged that the common law was the same as the common law of England under whose dominion Tennessee was until the Revolutionary War. Lillard v. Lierley, 202 S. W. 1057, 1059. Tennessee having been a common-law State, the samples carried in appellant's trunk did not constitute baggage. This case was tried upon the theory that respondent's liability, if any, was that of a carrier and not a warehouseman. Therefore, the order of the trial court granting a new trial may be upheld on the ground that appellant was permitted to recover the value of his samples which did not constitute baggage under the common law and for which he could not recover from respondent as a carrier.

SUTTON, C.—This is an action to recover the value of baggage consisting of a trunk and its contents destroyed by fire in the defendant's depot at Covington, Tennessee. The action was commenced before a justice of the peace in the city of St. Louis. Thence the case went on appeal to the circuit court. A trial anew in the circuit court with a jury resulted in a verdict and judg-

ment in favor of the plaintiff for five hundred dollars. The defendant's motion for a new trial filed in due time was sustained by the court on the ground that the court erred in refusing defendant's instruction in the nature of a demurrer to the evidence and thereupon it was ordered that the verdict and judgment be set aside and a new trial granted. From the order granting a new trial plaintiff appeals.

In the statement of his cause of action filed before the justice and upon which the case was tried in the circuit court, the plaintiff alleges that on December 5, 1922, at the defendant's station in the city of Fulton, in the State of Kentucky, plaintiff purchased a first-class ticket entitling him to transportation from the city of Fulton to the city of Covington, in the State of Tennessee, both of said stations being on the line of the defendant's railroad; that thereafter plaintiff became a passenger on defendant's train between the aforesaid stations; that on said date plaintiff delivered to the defendant at said station of Fulton one trunk containing wearing apparel and samples of merchandise used in the business of the plaintiff as a traveling salesman; that the aforesaid articles were of the reasonable value of five hundred dollars; that said defendant accepted said trunk and samples as baggage, and charged and received an extra compensation of thirty cents for excess weight for the transportation of the aforesaid articles as baggage between the aforesaid stations and delivered and issued to the plaintiff a check for said baggage, and undertook to transport the same and to deliver the same safely and in good condition to the plaintiff at its said station in Covington; that the defendant failed to deliver said baggage to the plaintiff at said destination upon presentation of said baggage check, and that the same has been wholly lost to the plaintiff.

There is no dispute about the facts in the case. On December 5, 1922, about 4 or 5 o'clock in the afternoon, the plaintiff went to the defendant's station in Fulton, Kentucky, intending to take passage there on defendant's

train to Covington, Tennessee. Accordingly, he purchased a ticket and checked his baggage for transportation from Fulton to Covington. He was told by the station agent that the train on which he intended to take passage would leave in thirty minutes. Thereupon the plaintiff left the station and went down town. Upon his return to the station he found that the train had departed. On account of missing the train it was necessary for him to lay over in Fulton until the next morning. His baggage, however, went forward on the train plaintiff intended to take, and arrived at Covington at 6:40 the same evening. Upon its arrival the baggage was stored in the baggage room of the depot. The depot burned about 11:45 the next night, and the baggage was destroyed in the fire. The baggage remained in the baggage room ready for delivery to the plaintiff at all times after its arrival until the fire occurred. The depot was open at all hours with an agent in charge authorized to deliver baggage, and the plaintiff could have obtained his baggage upon application therefor at any time after its arrival until the depot burned.

Plaintiff left Fulton about five o'clock on the morning of December 6th, taking passage on one of defendant's trains, and arrived at Covington about 8 or 8:30 the same morning. Concerning what transpired after his arrival at Covington, plaintiff testified:

"When I arrived in Covington I went to see a customer of mine and I found that he had died, and his funeral was on that day. This customer was Mr. Naifah. I did not do anything about the baggage that afternoon. I went to Naifah's funeral. The funeral did not occur until about five o'clock in the afternoon, and after the funeral I went home to his family and then came back to the depot and wanted to buy a ticket to Memphis. This was about five or six o'clock in the afternoon that I went to the depot, and I was going to leave that night for Memphis. When I was at the depot the agent told me that I could not get a train that night. I said, 'What are we going to do with my trunk, I will

buy a ticket now and check it.' He said, 'You don't have to buy it now, you got plenty of time in the morning.' I went back to the hotel. I did not buy any ticket at the time. I wanted to buy the ticket and check my trunk, but he told me to get it in the morning. I stayed that night at the hotel, and in the morning about seven o'clock I got up and went down to the depot, and when I got to the depot; the depot was all burned up, nothing left there. I went to the agent and told him I wanted my trunk, and he said, 'Your trunk is burned up.' I showed him my check for the trunk and told him I wanted my trunk and he said my trunk was burned. I think it was between six and seven o'clock in the evening that I went to the Illinois Central depot at Covington, and I asked the agent what time I could get a train to Memphis. He said that there would be no train that night, but that there would be a train in the morning. I asked him what time in the morning. He told me eight something. I said I wanted to buy a ticket and check my trunk. He said, 'You got plenty of time in the morning to buy your ticket and check your trunk.' I didn't say anything. I walked off to the hotel.''

The value of the baggage was shown to be five hundred dollars.

The plaintiff insists that, though he permitted his baggage to remain in the defendant's depot at Covington for approximately thirty hours after its arrival, nevertheless it was a question for the jury to determine, under the peculiar facts and circumstances of this case, whether or not the liability of the defendant as a carrier continued to the time the baggage was destroyed by fire, and that the court therefore erred in sustaining defendant's motion for a new trial.

The law is well established that the liability of a carrier as such for the baggage of a passenger continues upon its arrival at its destination until the passenger has been afforded a reasonable time and opportunity in the exercise of due diligence to remove it, and that after

such reasonable time and opportunity has been afforded, the liability of the carrier becomes reduced to that of a warehouseman. What constitutes a reasonable time and opportunity for the passenger to remove his baggage depends upon the peculiar facts and circumstances of each particular case. If the facts are in dispute it is a question for the jury, but if the facts are not in dispute it is a question of law for the court. Under the undisputed facts of this case, it is manifest that the plaintiff had been afforded a reasonable time and opportunity to remove his baggage, and that the defendant's liability as a carrier had been reduced to that of a warehouseman, before the baggage was destroyed by fire. [Ross v. Missouri, K. & T. R. Co., 4 Mo. App. 582; Cohen v. St. Louis, I. M. & S. Ry. Co., 59 Mo. App. 66; Levi & Co. v. Missouri, K. & T. R. Co., 157 Mo. App. 536, l. c. 543, 138 S. W. 699; Rossier v. Wabash R. Co., 115 Mo. App. 515, l. c. 518, 91 S. W. 1018; Stanard Milling Co. v. White Line Central Transit Co., 122 Mo. 258, l. c. 274, 26 S. W. 704; Blackmore v. Missouri Pacific R. Co., 162 Mo. 455, l. c. 464, 62 S. W. 993; Felton v. Chicago, G. W. Ry. Co., 86 Mo. App. 332; St. Louis & S. F. Ry. Co. v. Terrell (Tex. Civ. App.), 72 S. W. 430; Hoeger v. The Chicago, M. & St. P. Ry. Co., 63 Wisc. 100; Vineberg v. Grand Trunk Ry. Co., 13 Ont. App. Rep. 93; St. Louis & S. F. R. Co. v. Akers (Tex. Civ. App.), 73 S. W. 848; Central of Ga. Ry. Co. v. Jones, 150 Ala. 379; Schnitzmeyer v. Illinois Central R. Co., 147 Ill. App. 101; Bradley v. Chicago & N. W. Ry. Co., 147 Ill. App. 397; Gausmann v. New York Central & H. R. R. Co., 119 N. Y. S. 1125; Moyer v. Pa. R. Co., 31 Pa. Super. Ct. 559; Graves v. Fitchburg R. Co., 51 N. Y. Sup. 636; White v. Chicago, M. & St. P. Ry. Co. (Minn.), 186 N. W. 145; Louisville & Nashville R. Co. v. Hestle, 75 So. 885; Denver & Rio Grande R. Co. v. Doyle, 58 Colo. 327; Laffrey v. Grummond, 74 Mich. 186; Chicago, R. I. & P. Ry. Co. v. Boyce, 73 Ill. 510; Kansas City, Ft. S. & M.

Ry. Co. v. McGahey, 63 Ark. 344; Roth v. Buffalo & State Line R., 34 N. Y. 548.]

Though the plaintiff based his right of recovery in the court below upon the undertaking of defendant to carry his baggage from Fulton to Covington, he insists here now that if not entitled to recover upon that undertaking, then he is entitled to recover upon an undertaking of defendant to carry his baggage from Covington to Memphis. Plaintiff predicates this insistence upon the transaction which took place between the plaintiff and the defendant's agent at Covington on the evening of December 6th. Plaintiff says that this transaction amounted to a delivery of his baggage by plaintiff and an acceptance thereof by the defendant for transportation as baggage from Covington to Memphis, and that liability on the part of the defendant as a carrier immediately attached. It is not always easy to determine just when the liability of a carrier as such for the baggage of a passenger begins. It is settled that such liability attaches when the baggage is delivered at the station and accepted by the carrier for transportation within a reasonable time before the departure of the train upon which the passenger intends to take passage, and, ordinarily, in such case, it seems that such liability attaches at once though the purchase of the ticket and the checking of the baggage may be postponed; but where baggage is received by the carrier for the accommodation or convenience of the intending passenger at an unreasonable period of time before passage is to be taken liability as a carrier does not attach and the baggage is held by the carrier as a warehouseman only. [Goodbar v. Wabash Ry. Co., 53 Mo. App. 434; Williams v. Southern Ry. Co., 155 N. C. 260; Murray v. International Steamship Co., 170 Mass. 166; Houston E. & W. T. R. Co. v. Anderson (Tex. Civ. App.), 147 S. W. 353; Fleischman v. Southern Ry. Co., 76 S. C. 237; Goldberg v. Ahnapee & Western Ry. Co., 105 Wisc. 1; Reis v. Minneapolis & St. L. Ry. Co. (Ia.), 179 N. W. 83; Kansas City Southern Ry. Co. v.

Thomas, 97 Ark. 287; Illinois Central R. Co. v. Tronstine, 64 Miss. 834.]

Plaintiff applied to the defendant's agent to purchase a ticket and check his baggage between five and seven o'clock in the evening. No reason appears and none is suggested why the plaintiff should have been entitled to deliver his baggage for transportation and impose upon the defendant liability as a carrier fourteen hours before the departure of the train upon which he intended to take passage. No reason appears and none is suggested why plaintiff would not have had a reasonable time and opportunity to transfer his baggage to the depot if that had been necessary and to purchase his ticket and check his baggage on the following morning before the departure of his train. Under these circumstances, no duty devolved upon the defendant, at the time the plaintiff applied to defendant to purchase a ticket and check his baggage, to accept the baggage for transportation and assume liability as a carrier in relation thereto, and there is no showing that it did so. The baggage was already in storage with the defendant as a warehouseman. When informed that his train would not depart until sometime after eight o'clock the following morning, and that he would then have plenty of time to obtain his ticket and check his baggage before the departure of his train, plaintiff made no objection, and returned to his hotel, retaining in his possession the check which was given him at Fulton and which entitled him upon presentation thereof to receive his baggage at Covington. This transaction evidences nothing more than the assent of the parties that the baggage should remain in storage with the defendant as a warehouseman until the plaintiff should appear within a reasonable time before the departure of the train upon which he intended to take passage, and purchase a ticket, surrender the check given him at Fulton, and check his baggage for transportation to Memphis.

The plaintiff failed to show any liability on the part of the defendant as a carrier. He does not contend that

the evidence makes a case against defendant as a warehouseman, nor did he try his case in the court below on that theory.

We have examined the numerous authorities relied on by plaintiff and find them distinguishable on their facts from the present case.

The Commissioner recommends that the order of the circuit court granting a new trial be affirmed, and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court granting a new trial is accordingly affirmed, and the cause remanded. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.