* Headnotes 1. Carriers, 10 C.J., Sections 1588, 1589; 2. Carriers, 10 C.J., Section 1590; 3. Carriers, 10 C.J., Section 1608; 4. Carriers, 10 C.J., Section 1607; 5. Carriers, 10 C.J., Section 1587; 6. Carriers, 10 C.J., Section 1587; 7. Carriers, 10 C.J., Section 1607.
This is an action to recover the value of baggage consisting of a trunk and its contents destroyed by fire in the defendant's depot at Covington, Tennessee. The action was commenced before a justice of the peace in the city of St. Louis. Thence the case went on appeal to the circuit court. A trial anew in the circuit court with a jury resulted in a verdict and judgment *Page 509 
in favor of the plaintiff for five hundred dollars. The defendant's motion for a new trial filed in due time was sustained by the court on the ground that the court erred in refusing defendant's instruction in the nature of a demurrer to the evidence and thereupon it was ordered that the verdict and judgment be set aside and a new trial granted. From the order granting a new trial plaintiff appeals.
In the statement of his cause of action filed before the justice and upon which the case was tried in the circuit court, the plaintiff alleges that on December 5, 1922, at the defendant's station in the city of Fulton, in the State of Kentucky, plaintiff purchased a first-class ticket entitling him to transportation from the city of Fulton to the city of Covington, in the State of Tennessee, both of said stations being on the line of the defendant's railroad; that thereafter plaintiff became a passenger on defendant's train between the aforesaid stations; that on said date plaintiff delivered to the defendant at said station of Fulton one trunk containing wearing apparel and samples of merchandise used in the business of the plaintiff as a traveling salesman; that the aforesaid articles were of the reasonable value of five hundred dollars; that said defendant accepted said trunk and samples as baggage, and charged and received an extra compensation of thirty cents for excess weight for the transportation of the aforesaid articles as baggage between the aforesaid stations and delivered and issued to the plaintiff a check for said baggage, and undertook to transport the same and to deliver the same safely and in good condition to the plaintiff at its said station in Covington; that the defendant failed to deliver said baggage to the plaintiff at said destination upon presentation of said baggage check, and that the same has been wholly lost to the plaintiff.
There is no dispute about the facts in the case. On December 5, 1922, about 4 or 5 o'clock in the afternoon, the plaintiff went to the defendant's station in Fulton, Kentucky, intending to take passage there on defendant's *Page 510 
train to Covington, Tennessee. Accordingly, he purchased a ticket and checked his baggage for transportation from Fulton to Covington. He was told by the station agent that the train on which he intended to take passage would leave in thirty minutes. Thereupon the plaintiff left the station and went down town. Upon his return to the station he found that the train had departed. On account of missing the train it was necessary for him to lay over in Fulton until the next morning. His baggage, however, went forward on the train plaintiff intended to take, and arrived at Covington at 6:40 the same evening. Upon its arrival the baggage was stored in the baggage room of the depot. The depot burned about 11:45 the next night, and the baggage was destroyed in the fire. The baggage remained in the baggage room ready for delivery to the plaintiff at all times after its arrival until the fire occurred. The depot was open at all hours with an agent in charge authorized to deliver baggage, and the plaintiff could have obtained his baggage upon application therefor at any time after its arrival until the depot burned.
Plaintiff left Fulton about five o'clock on the morning of December 6th, taking passage on one of defendant's trains, and arrived at Covington about 8 or 8:30 the same morning. Concerning what transpired after his arrival at Covington, plaintiff testified:
"When I arrived in Covington I went to see a customer of mine and I found that he had died, and his funeral was on that day. This customer was Mr. Naifah. I did not do anything about the baggage that afternoon. I went to Naifah's funeral. The funeral did not occur until about five o'clock in the afternoon, and after the funeral I went home to his family and then came back to the depot and wanted to buy a ticket to Memphis. This was about five or six o'clock in the afternoon that I went to the depot, and I was going to leave that night for Memphis. When I was at the depot the agent told me that I could not get a train that night. I said, `What are we going to do with my trunk, I will *Page 511 
buy a ticket now and check it.' He said, `You don't have to buy it now, you got plenty of time in the morning.' I went back to the hotel. I did not buy any ticket at the time. I wanted to buy the ticket and check my trunk, but he told me to get it in the morning. I stayed that night at the hotel, and in the morning about seven o'clock I got up and went down to the depot, and when I got to the depot, the depot was all burned up, nothing left there. I went to the agent and told him I wanted my trunk, and he said, `Your trunk is burned up.' I showed him my check for the trunk and told him I wanted my trunk and he said my trunk was burned. I think it was between six and seven o'clock in the evening that I went to the Illinois Central depot at Covington, and I asked the agent what time I could get a train to Memphis. He said that there would be no train that night, but that there would be a train in the morning. I asked him what time in the morning. He told me eight something. I said I wanted to buy a ticket and check my trunk. He said, `You got plenty of time in the morning to buy your ticket and check your trunk.' I didn't say anything. I walked off to the hotel."
The value of the baggage was shown to be five hundred dollars.
The plaintiff insists that, though he permitted his baggage to remain in the defendant's depot at Covington for approximately thirty hours after its arrival, nevertheless it was a question for the jury to determine, under the peculiar facts and circumstances of this case, whether or not the liability of the defendant as a carrier continued to the time the baggage was destroyed by fire, and that the court therefore erred in sustaining defendant's motion for a new trial.
The law is well established that the liability of a carrier as such for the baggage of a passenger continues upon its arrival at its destination until the passenger has been afforded a reasonable time and opportunity in the exercise of due diligence to remove it, and that after *Page 512 
such reasonable time and opportunity has been afforded, the liability of the carrier becomes reduced to that of a warehouseman. What constitutes a reasonable time and opportunity for the passenger to remove his baggage depends upon the peculiar facts and circumstances of each particular case. If the facts are in dispute it is a question for the jury, but if the facts are not in dispute it is a question of law for the court. Under the undisputed facts of this case, it is manifest that the plaintiff had been afforded a reasonable time and opportunity to remove his baggage, and that the defendant's liability as a carrier had been reduced to that of a warehouseman, before the baggage was destroyed by fire. [Ross v. Missouri, K. T.R. Co.,4 Mo. App. 582; Cohen v. St. Louis, I.M. S. Ry. Co., 59 Mo. App. 66; Levi Co. v. Missouri, K. T.R. Co., 157 Mo. App. 536, l.c. 543, 138 S.W. 699; Rossier v. Wabash R. Co., 115 Mo. App. 515, l.c. 518, 91 S.W. 1018; Standard Milling Co. v. White Line Central Transit Co., 122 Mo. 258, l.c. 274, 26 S.W. 704; Blackmore v. Missouri Pacific R. Co., 162 Mo. 455, l.c. 464, 62 S.W. 993; Felton v. Chicago, G.W. Ry. Co., 86 Mo. App. 332; St. Louis S.F. Ry. Co. v. Terrell (Tex. Civ. App.), 72 S.W. 430; Hoeger v. The Chicago, M. St. P. Ry. Co., 63 Wisc. 100; Vineberg v. Grand Trunk Ry. Co., 13 Ont. App. Rep. 93; St. Louis S.F.R. Co. v. Akers (Tex. Civ. App.), 73 S.W. 848; Central of Ga. Ry. Co. v. Jones,150 Ala. 379; Schnitzmeyer v. Illinois Central R. Co.,147 Ill. App. 101; Bradley v. Chicago N.W. Ry. Co., 147 Ill. App. 397; Gausmann v. New York Central H.R.R. Co., 119 N.Y.S. 1125; Moyer v. Pa. R. Co., 31 Pa. Super. 559; Graves v. Fitchburg R. Co.,51 N.Y.S. 636; White v. Chicago, M. St. P. Ry. Co. (Minn.), 186 N.W. 145; Louisville Nashville R. Co. v. Hestle,75 So. 885; Denver Rio Grande R. Co. v. Doyle, 58 Colo. 327; Laffrey v. Grummond, 74 Mich. 186; Chicago, R.I. P. Ry. Co. v. Boyce,73 Ill. 510; Kansas City, Ft. S. M. *Page 513 
Ry. Co. v. McGahey, 63 Ark. 344; Roth v. Buffalo State Line R.,34 N.Y. 548.]
Though the plaintiff based his right of recovery in the court below upon the undertaking of defendant to carry his baggage from Fulton to Covington, he insists here now that if not entitled to recover upon that undertaking, then he is entitled to recover upon an undertaking of defendant to carry his baggage from Covington to Memphis. Plaintiff predicates this insistence upon the transaction which took place between the plaintiff and the defendant's agent at Covington on the evening of December 6th. Plaintiff says that this transaction amounted to a delivery of his baggage by plaintiff and an acceptance thereof by the defendant for transportation as baggage from Covington to Memphis, and that liability on the part of the defendant as a carrier immediately attached. It is not always easy to determine just when the liability of a carrier as such for the baggage of a passenger begins. It is settled that such liability attaches when the baggage is delivered at the station and accepted by the carrier for transportation within a reasonable time before the departure of the train upon which the passenger intends to take passage, and, ordinarily, in such case, it seems that such liability attaches at once though the purchase of the ticket and the checking of the baggage may be postponed; but where baggage is received by the carrier for the accommodation or convenience of the intending passenger at an unreasonable period of time before passage is to be taken liability as a carrier does not attach and the baggage is held by the carrier as a warehouseman only. [Goodbar v. Wabash Ry. Co., 53 Mo. App. 434; Williams v. Southern Ry. Co., 155 N.C. 260; Murray v. International Steamship Co., 170 Mass. 166; Houston E. W.T.R. Co. v. Anderson (Tex. Civ. App.), 147 S.W. 353; Fleischman v. Southern Ry. Co.,76 S.C. 237; Goldberg v. Ahnapee Western Ry. Co., 105 Wisc. 1; Reis v. Minneapolis St. L. Ry. Co. (Ia.), 179 N.W. 83; Kansas City Southern Ry. Co. v. *Page 514 
Thomas, 97 Ark. 287; Illinois Central R. Co. v. Tronstine,64 Miss. 834.]
Plaintiff applied to the defendant's agent to purchase a ticket and check his baggage between five and seven o'clock in the evening. No reason appears and none is suggested why the plaintiff should have been entitled to deliver his baggage for transportation and impose upon the defendant liability as a carrier fourteen hours before the departure of the train upon which he intended to take passage. No reason appears and none is suggested why plaintiff would not have had a reasonable time and opportunity to transfer his baggage to the depot if that had been necessary and to purchase his ticket and check his baggage on the following morning before the departure of his train. Under these circumstances, no duty devolved upon the defendant, at the time the plaintiff applied to defendant to purchase a ticket and check his baggage, to accept the baggage for transportation and assume liability as a carrier in relation thereto, and there is no showing that it did so. The baggage was already in storage with the defendant as a warehouseman. When informed that his train would not depart until sometime after eight o'clock the following morning, and that he would then have plenty of time to obtain his ticket and check his baggage before the departure of his train, plaintiff made no objection, and returned to his hotel, retaining in his possession the check which was given him at Fulton and which entitled him upon presentation thereof to receive his baggage at Covington. This transaction evidences nothing more than the assent of the parties that the baggage should remain in storage with the defendant as a warehouseman until the plaintiff should appear within a reasonable time before the departure of the train upon which he intended to take passage, and purchase a ticket, surrender the check given him at Fulton, and check his baggage for transportation to Memphis.
The plaintiff failed to show any liability on the part of the defendant as a carrier. He does not contend that *Page 515 
the evidence makes a case against defendant as a warehouseman, nor did he try his case in the court below on that theory.
We have examined the numerous authorities relied on by plaintiff and find them distinguishable on their facts from the present case.
The Commissioner recommends that the order of the circuit court granting a new trial be affirmed, and the cause remanded.